1  Robert A. Mittelstaedt (Bar No. 60359)
   Jason McDonell (Bar No. 115084)
2  Brian D. McDonald (Bar No. 224201)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
5  E-mail:       ramittelstaedt@jonesday.com
   E-mail:       jmcdonell@jonesday.com
6  E-mail:       bdmcdonald@jonesday.com

7  Shay Dvoretzky (*Admitted Pro Hac Vice*)
   JONES DAY
8  51 Louisiana Avenue, N.W.
   Washington, D.C.  20001.2113
9  Telephone:    (202) 879-3939
   Facsimile:    (202) 626-1700
10 E-mail:       sdvoretzky@jonesday.com

11 Attorneys for Defendant
   JONES DAY
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16

17 | **In re:** | **Case No. 4:13-CV-03910-SBA** |
| --- | --- |
| **HOWREY LLP,** | **STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT JONES DAY'S MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE** |
| Debtor. | |
| **ALLAN B. DIAMOND, Chapter 11 Trustee for Howrey LLP,** | |
| Plaintiff, | Judge:   Hon. Saundra Brown Armstrong |
| v. | |
| **JONES DAY,** | |
| Defendant. | |

SFI-860444v2

STIPULATION AND [PROPOSED] ORDER
RE JONES DAY'S MOT. TO WITHDRAW
REFERENCE

1  Plaintiff Liquidating Debtor Howrey LLP ("Plaintiff") and Defendant Jones Day
2  ("Defendant") respectfully submit the following Stipulation and Proposed Order pursuant to Civil
3  Local Rule 7-12.
4  WHEREAS, on August 15, 2013, Defendant filed a Motion to Withdraw the Reference to
5  the Bankruptcy Court ("Motion to Withdraw the Reference") (ECF No. 11), which is pending
6  before this Court;
7  WHEREAS, Defendant contends that new allegations contained in Plaintiff's Amended
8  Complaint filed on March 27, 2014 are relevant to Defendant's pending Motion to Withdraw the
9  Reference;
10 WHEREAS, Defendant seeks leave to file a supplemental brief regarding the new
11 allegations contained in Plaintiff's Amended Complaint, and a copy of the proposed supplemental
12 brief is attached hereto as **Exhibit A** ("Supplemental Brief");
13 WHEREAS, Plaintiff has reviewed Defendant's Supplemental Brief and does not oppose
14 Defendant's request to file the Supplemental Brief provided that Plaintiff is given leave to file a
15 Supplemental Opposition brief two weeks later; and
16 WHEREAS, Plaintiff and Defendant agree that no reply brief is necessary, and neither
17 party is prejudiced by this Court granting the parties leave to file these supplemental briefs.
18 THEREFORE, THE PARTIES STIPULATE AND AGREE, through their respective
19 counsel, subject to Court approval, that:
20 1.  Defendant may file the Supplemental Brief attached hereto as Exhibit A.
21 2.  Plaintiff may file a Supplemental Opposition to Defendant's Supplemental Brief
22 not to exceed five (5) pages no later than two weeks after Defendant files its Supplemental Brief.
23 3.  No reply brief shall be filed.
24 ///
25 ///
26 ///
27 ///
28 ///

SFI-860444v2

- 1 -

STIPULATION AND [PROPOSED] ORDER
RE JONES DAY'S MOT. TO WITHDRAW
REFERENCE

1     IT IS SO STIPULATED.

2

3 Dated: May 6, 2014                               DIAMOND McCARTHY LLP

4

5                                              By:     /s/ Andy Ryan
                                                                Andy Ryan

6

7                                          Attorneys for Plaintiff
                                         HOWREY LLP, Liquidating Debtor

8

9 Dated: May 6, 2014                               JONES DAY

10

11                                          By:     /s/ Jason McDonell
                                           Jason McDonell

12

13                                         Attorneys for Defendant
                                        JONES DAY

14

15                                **SIGNATURE ATTESTATION**

16        I hereby attest that concurrence in the filing of this document has been obtained from all

17 persons whose signatures are indicated by a "conformed" signature (/s/) within this e-filed

18 document.

19 Dated: May 6, 2014                               JONES DAY

20

21                                          By:     /s/ Jason McDonell

22                                                Jason McDonell
                                       Attorneys for Defendant

23                                        JONES DAY

24 PURSUANT TO STIPULATION, IT IS SO ORDERED

25

26

27                                     _Saundra B Armstrong_

28                                     HON. SAUNDRA BROWN ARMSTRONG
                                    DISTRICT COURT JUDGE

# EXHIBIT A

Case 4:13-cv-03910-SBA   Document 22   Filed 06/26/14   Page 4 of 10

Robert A. Mittelstaedt (60359)
Jason McDonell (115084)
Brian D. McDonald (224201)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700
E-mail:            ramittelstaedt@jonesday.com

Shay Dvoretzky (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:      (202) 879-3939
Facsimile:       (202) 626-1700
E-mail:sdvoretzky@jonesday.

Attorneys for Defendant
JONES DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br><br>**HOWREY LLP,**<br><br>    Debtor. | **CASE NO. 11-31376 DM**<br><br>**Chapter 11**<br><br>**ADV. PROC. NO. 13-03093**<br><br>**JONES DAY'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE** |
| **ALLAN B. DIAMOND, Chapter 11 Trustee for Howrey LLP,**<br><br>    Plaintiff,<br><br>v.<br><br>**JONES DAY,**<br><br>    Defendant. | Date:    TBD<br>Time:    TBD<br>Judge:   Hon. Saundra Brown Armstrong |

## I. INTRODUCTION

On August 15, 2013, Jones Day filed a motion to withdraw the reference to the Bankruptcy Court. (ECF No. 11.) That motion remains pending. Jones Day respectfully submits this supplemental brief to inform the Court of recent developments that underscore the need for this Court to withdraw the reference.

The Trustee of the estate of Howrey LLP has now filed an Amended Complaint against Jones Day, seeking to recover profits that Jones Day earned on matters for which clients discharged Howrey and retained Jones Day. The Trustee's Amended Complaint alleges that law firms that take on partners who leave other law partnerships (including financially healthy firms) must remit to the prior firm all profits earned by the new firm on matters that the prior firm previously handled. If accepted, such a rule would impede attorney mobility, impair client choice and generally open the floodgates of litigation among law firms. Because this issue turns entirely on state law, the Bankruptcy Court has no special expertise. Moreover, whatever the Bankruptcy Court decides must eventually be reviewed *de novo* by this Court.

Rather than continuing to refer this issue to the Bankruptcy Court for what could be several years of unnecessary litigation, this Court should withdraw the reference and decide the issue sooner than later, thereby promoting the interests of judicial economy and certainty of the law in this important area.

## II. RECENT DEVELOPMENTS

After filing its motion to withdraw the reference, Jones Day filed a motion to dismiss the Original Complaint in the Bankruptcy Court. (ECF No. 17.) On February 7, 2014, the Bankruptcy Court (Judge Dennis Montali, presiding) issued proposed conclusions of law granting that motion in part and denying it in part. (ECF No. 28.)

The Bankruptcy Court denied Jones Day's motion to dismiss with respect to matters for which clients retained Jones Day *after* Howrey dissolved ("the post-dissolution matters"). Relying on its previous decisions in the Heller and Brobeck bankruptcies, the Court summarily concluded that a third-party law firm that takes on former partners of a dissolved firm, and that

- 1 -

Jones Day's Mem. of P.&A. in Supp. of Mot. to
Withdraw the Bankruptcy Ct. Ref.

1  clients retain to handle matters that the dissolved firm abandoned, has a state-law duty to account
2  to the dissolved firm for profits earned by the third-party from such representations.  (ECF No. 28
3  at 22-24.)

4       The Bankruptcy Court granted Jones Day's motion to dismiss the Original Complaint with
5  respect to matters for which clients retained Jones Day *before* Howrey dissolved ("the pre-
6  dissolution matters"), but the Court allowed Plaintiff to replead those claims.  Plaintiff had argued
7  that a *Jewel* Waiver adopted by the Howrey partners fraudulently transferred Howrey's claimed
8  right to profits from the pre-dissolution matters to the partners, who in turn purportedly
9  transferred those profits to third-party firms like Jones Day.  The Court explained that, on the date
10 on the *Jewel* Waiver, "profits on pre-dissolution matters no longer belonged to [Howrey]" and
11 "[the] business itself and any future profits to be realized on it was no longer property of Debtor
12 that could have been subsequently disposed of by the *Jewel* Waiver."  (ECF No. 28 at 20.)  For
13 this reason, the Court dismissed Plaintiff's fraudulent transfer claims as to the pre-dissolution
14 matters.  However, the Court granted the Trustee leave to amend the complaint to plead different
15 theories of recovery, not dependent on a fraudulent transfer claim, with respect to those matters.
16 (ECF No. 28 at 25-26.)

17      On March 27, 2014, Plaintiff filed the First Amended Complaint ("FAC").  (ECF No. 31.)
18 In addition to reiterating the claims pleaded in the Original Complaint on which the Bankruptcy
19 Court denied Jones Day's motion to dismiss, the FAC asserts new causes of action pertaining to
20 the pre-dissolution matters for accounting and turnover under 11 U.S.C. § 542 (*id.* ¶¶ 172-181),
21 equitable accounting under D.C. law (*id.* ¶¶ 182-190), and unjust enrichment under D.C. law (*id.*
22 ¶¶ 191-200).  The FAC reasons that *Jones Day* is liable to Howrey because D.C. partnership law
23 imposes a duty *on dissociating partners* to "account to the partnership and hold as trustee for it
24 any … profit … derived by the partner in the conduct … of the partnership business."  D.C. Code
25 § 33-106.03(b)(3).

26      According to Plaintiff, D.C. partnership law imposes on Jones Day the duty to account to
27 Howrey for the profits Jones Day that earned on the pre-dissolution matters are subject to the

28

Jones Day's Mem. of P.&A. in Supp. of Mot. to
Withdraw the Bankruptcy Ct. Ref.

state-law duty to account.  Jones Day disputes that any of the profits that Jones Day earned for work that Jones Day performed constitute profits "derived by" Howrey partners in the "conduct" of Howrey's business.  In any event, Plaintiff's claims also fail for several additional reasons.  There is no legal basis for Plaintiff's equitable accounting claim against Jones Day because Jones Day has no fiduciary duties to Howrey.  The doctrine of unjust enrichment is also inapplicable here because *Howrey* did not confer any benefit on Jones Day, and because there is nothing unjust about Jones Day retaining fees paid by clients for work that Jones Day performed.  Finally, Plaintiff fails to state a claim under § 542 for accounting or turnover because, among other reasons, this provision does not create any property interest under state law, and Howrey has no state-law property interest that can be pursued against Jones Day for profits earned by Jones Day.

### III. THE NEED TO WITHDRAW THE REFERENCE IS ALL THE MORE COMPELLING IN LIGHT OF PLAINTIFF'S NEW CLAIMS

Plaintiff's new claims underscore the immediate need for this Court to withdraw the reference.

*First*, Plaintiff's new claims are based on an expansive and unprecedented interpretation of a dissociating partner's duty to account—an interpretation that should be considered in the first instance by an Article III court.  Under Plaintiff's theory, any partner who changes law firms (under any circumstances) and his new law firm have a duty to account to the former firm for any profits earned by the new firm on matters for which clients terminated the old firm and retained the new firm.  This theory would cause a sea change in the law governing the legal profession, and has enormous implications for law firms and the clients that they serve.  If Plaintiff's theory is adopted, the ability of lawyers to move from one firm to another (including lateral moves between two financially stable firms) will be severely impeded.  More important, if law firms are forced to work for free on any matter previously handled by another firm, they will hesitate to take on such matters, and the access of clients to the counsel of their choice will be impaired.  The public importance of this case makes it all the more critical that the controlling state-law questions governing potential liability be resolved at the highest appropriate judicial level.

Jones Day's Mem. of P.&A. in Supp. of Mot. to Withdraw the Bankruptcy Ct. Ref.

*Second*, Plaintiff's new claims turn entirely on state law—an area in which the Bankruptcy Court has no special expertise. Plaintiff's unjust enrichment and equitable accounting claims arise directly under state law. And Plaintiff's claims for accounting and turnover under 11 U.S.C. § 542 depend entirely on the state-law question whether Plaintiff has any property interest in fees earned by Jones Day for work that Jones Day performed. *See Butner v. United States*, 440 U.S. 914, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). The Bankruptcy Court for the Northern District of California has no special knowledge of these issues of D.C. law.

*Third*, if there is any uncertainty regarding the state-law questions at issue here, those questions may ultimately need to be resolved by the D.C. Court of Appeals. *Cf. In re Thelen*, 4 N.E.3d 359 (N.Y. Ct. App. 2013) (accepting certified questions from the Second Circuit regarding the scope of the so-called unfinished business doctrine under New York law); *In re Coudert Brothers, LLP*, No. CTQ-2013-00010 (N.Y. Ct. App.) (same). Only the Ninth Circuit can certify questions to that court. *See* D.C. Code § 11-723(a). There is no reason to prolong proceedings in the Bankruptcy Court, a forum that has neither the authority nor the expertise to render a final decision on the relevant issues.

*Finally*, as Jones Day previously explained, it is undisputed that this Court will, at a minimum, have to review *de novo* any of the Bankruptcy Court's decisions on Plaintiff's claims against Jones Day. *See Stern v. Marshall*, 131 S.Ct. 2594 (2011); *Executive Benefits Insurance Agency, Inc. v. Arkison*, 702 F.3d 553, 565 (9th Cir. 2012) (relying on *Stern* and *Granfinanciera v. Nordberg*, 492 U.S. 33, 64 (1989), and holding that bankruptcy courts do not have the authority to enter final judgment on fraudulent transfer claims); *see also* 28 U.S.C. § 157(c). The primary factor that courts consider when deciding whether to withdraw the reference is whether the bankruptcy court's decision would be subject to *de novo* review. *See In re Tamalpais Bancorp.*, 451 B.R. 6, 10 (N.D. Cal. 2011). "Inasmuch as a bankruptcy court's determinations on non-core

- 4 -

Jones Day's Mem. of P.&A. in Supp. of Mot. to
Withdraw the Bankruptcy Ct. Ref.

1  matters are subject to de novo review by the district court, unnecessary costs could be avoided by
2  a single proceeding in the district court." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs,*
3  *Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997) (citing authority); *see also Oliner*
4  *v. Kontrabecki*, Case No. 06-03787, 2006 WL 3646789, at *2 (N.D. Cal. Dec. 12, 2006)
5  (explaining that failing to withdraw claims subject to *de novo* review "arguably leads to a waste
6  of judicial and other resources"). It would be a far more efficient use of judicial resources to
7  withdraw the reference now rather than "substantially repeat[]" all of the Bankruptcy Court's
8  proceedings later. *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 462 B.R. 457,
9  472 (S.D.N.Y. 2011) (withdrawing reference in Coudert bankruptcy).

### IV. CONCLUSION

For these reasons, Jones Day's motion to withdraw the reference should be granted.

Dated: May 6, 2014                           JONES DAY


                                             By:    /s/ Jason McDonell
                                                    Jason McDonell

                                             Attorneys for Defendant
                                             JONES DAY

- 5 -

Jones Day's Mem. of P.&A. in Supp. of Mot. to
Withdraw the Bankruptcy Ct. Ref.